IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SUSAN PATTERSON,<br><br>       Plaintiff,<br>  v.<br><br>RAY KLEIN, INC.,<br><br>       Defendant. | Case No. 6:16-cv-00578-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge.

This case concerns whether an itemized account statement sent to plaintiff, Susan Patterson, by defendant, Ray Klein, Inc., violated the provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Before the Court are plaintiff's motion for partial summary judgment (doc. 13) and defendant's motion for summary judgment (doc. 17). For the reasons set forth herein, plaintiff's motion is DENIED, and defendant's motion is GRANTED.

/ / /

/ / /

## BACKGROUND

The facts are not in dispute. This suit arises out of series of actions taken by defendant, a corporation in the business of debt collection, in the course of seeking to collect medical debt owed by Plaintiff. The parties have been engaged in servicing plaintiff's debt since 2008. Defendant has filed three debt collection actions against Plaintiff in Deschutes County Circuit Court. Plaintiff paid off the debt subject to the first action. A default judgment was entered on the second action in favor of defendant. Over the next few years, Plaintiff made irregular payments toward the Judgment debt. In 2014, Defendant issued a writ of garnishment to plaintiff's bank.

After July 2015, Plaintiff failed to make any further payments on her debt. On September 30, 2015, Defendant mailed notice to plaintiff that it intended to file a third collection on the two debts with remaining balances referred to them. After receiving no response from plaintiff, on October 15, 2015, Defendant mailed its claim and notice of claim to the Deschutes County Circuit Court. On October 19, 2015, plaintiff attempted to access her account through defendant's online website. She discovered that she was unable to view or make payments on her account. Plaintiff then sent a message to defendant through its web portal and was informed that due to the status of her account, she would need to call a credit representative to discuss the issue. Plaintiff indicated that she did not wish to call defendant, because she thought she would be harassed. Defendant's representative advised her that she would need to call defendant to make a payment or she could do so by mail.

Plaintiff called defendant and spoke with a representative the after the final message was exchanged. Defendant advised plaintiff that she could not view or pay her accounts online due to the claim filed in Circuit Court. It is the policy of defendant that accounts involved in active

litigation cannot be paid through online portal.[1] Plaintiff then requested that an account statement be mailed to her. Defendant mailed the statement on October 22, 2015. On October 28, 2015, after receiving the statement, Plaintiff again attempted to access here account online. After this attempt, plaintiff made no further attempts to access her account online, make payments by phone or mail, or communicate in any way with defendant regarding the account.

Plaintiff filed the present action on April 4, 2016, alleging two violations of the FDCPA. On January 1, 2017, plaintiff filed her motion for partial summary judgment, moving that the court grant summary judgment in favor of the plaintiff on the issue of liability with respect to Pl. Comp. ¶ 10. Defendant moved for summary judgment in its favor on all of plaintiff's claims or, alternatively, summary judgment its favor on a bona fide error defense. In the course of motion practice, plaintiff agreed that defendant is entitled to summary judgment in its favor regarding the allegations in Pl. Comp. ¶ 9. Given this stipulation, the only issue remaining for me to resolve is whether defendant violated the FDCPA by sending plaintiff a communication which indicated that she could make payments online, when her ability to do so had already been deactivated.

## STANDARD

Summary Judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.*; *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts

---

[1] Defendant represents that this policy is designed to ensure that consumers with accounts involved in legal disputes can speak with a representative so that the parties can work towards a resolution.

which show a genuine issue for trial. *Id.* at 324. "Summary Judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving parties favor. " *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

The FDCPA is a broad remedial statute, designed to "eliminate abusive debt collection practices by debt collectors" by "comprehensively regulat[ing] the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzalez v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1060-61 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). Pertinent to the present action is the FDCPA's prohibition against a debt collector using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in the course of collecting a debt." 15 U.S.C. 1692(e).

The FDCPA "comprehensively regulates the conduct of debt collectors," and "is a strict liability statute." *Gonzales,* 660 F.3d at 1060–61. Section 1692e "broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Gonzales,* 660 F.3d at 1061 (quoting 15 U.S.C. § 1692e).

"In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law." *Gonzales,* 660 F.3d at 1061. The analysis is objective and "takes into account whether the "least sophisticated consumer" would likely be misled by a communication. *Id.* at 1055. This standard is designed to protect consumers who are uniformed and naïve, but it also preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care. *Id.* at 1062. Courts have carefully preserved this concept of reasonableness in order to safeguard defendants from liability for consumers bizarre or idiosyncratic interpretations of

communications. *Davis v. Hollins Law*, 832 F. 3d 962 (9th Cir. 2016). In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response to the collection of a debt. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)

Here, plaintiff avers that the defendant violated the FDCPA when it sent her an account summary on October 22, 2015, which she requested during the phone interaction with defendant's representative. The statement contained a summary of her account as requested, but, among other form language, it also included a notation reading, "[t]o make a payment, please go to PCS Direct Pay (https://www.pcsdirectpay.com/) you can log in with the following information . . ." Dec. of Patterson, Ex. A. However, as explained previously, plaintiff's online account was locked due to the collection action filed against her in Deschutes Circuity County Court. She was therefore unable to make. payments online. Plaintiff avers that being able to make payments online was material as she would have chosen to make a payment online rather than making a payment on the phone due to a desire to avoid what she describes as harassment.

This argument is not persuasive as to the materiality of the statement. After initially trying to log in to her account for first since defendant had begun servicing her debt, plaintiff was informed that her account was locked to due defendant's policy regarding ongoing litigation. However, plaintiff was also informed that she could make payments by phone or by mail. After receiving the account statement, she tried to log on to her account one final time and thereafter never attempted to contact defendant or to make any further payment on her debt.

Plaintiff provides no case law to support her conclusion that the ability to pay online, when other payment options are available is material under the FDCPA. Plaintiff had clear

avenues for payment, both of which she had used in the past to pay this debt, however, she preferred an online payment option. Plaintiff's subjective concern of being harassed on the telephone while making payments is overstated as she was told she could make payments through mail rather than by telephone. The language included in the account statement is the type of technical falsehood that courts have found should not create FCDPA liability.[2]

Congress enacted the FDCPA in order to eliminate abusive debt collection practices by debt collectors [and] to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. *Clark v. Capital Credit & Collection Servs., Inc.* at 1179–80 (9th Cir. 2006) (internal citations omitted). There is nothing inherently abusive about the activity of defendant in this case. Rather, defendant clearly communicated the issues with online payments to plaintiff, informing her that she had other payment options, namely through mail or by telephone, which she had exclusively used in the past. Defendant then sent an account summary to plaintiff which she had requested during the phone conversation. This statement contained a technical falsehood.[3] However, plaintiff had been informed just a few days previously that online payments were not possible while the collection action was pending in Deschutes County Circuit Court.

Given the extent of the parties' prior communications, the language contained in the statement was mere technical falsehood that was not likely to mislead the least sophisticated consumer. Defendant communications were sufficient to disclose plaintiff's options to intelligently make a decision about the repayment of the debt. Even assuming that a least

---

[2] *See Jeffrey v. Gordon*, No. 3:10-cv-1218, 2011 WL 2134050 (D. Or. May 25, 2011.) (holding that a letter sent to plaintiff by defendant which misidentified the holding company was not material given subsequent communications between the parties.)

[3] The account statement sent by defendant accurately reported the amount that plaintiff owed, to whom she owed the bet, and a history of the payments she made on the debts. The statement did not contain any false threats.

Page 6 – OPINION AND ORDER

sophisticated consumer might have thought he or she could make a payment online after being told their unable to do so pending litigation, plaintiff knew she had other regular avenues by which to make payment. Therefore, this statement would not objectively impair plaintiff's ability to intelligently chart a course of action in response to a collection effort, when she knew other payment options were readily available.

Having found that the language in the statement is not material, I conclude that summary judgment on behalf of defendant is appropriate.[4]

## CONCLUSION

Plaintiff's Motion for Summary Judgment (doc. 13) is DENIED. Defendant's Motion for Summary Judgment (doc. 17) is GRANTED. This action is DISMISSED

It is so ORDERED.

Dated this 29th day of September, 2017.

*[signature]*
ANN L. AIKEN
United States District Judge

---

[4] The court need not address defendant's arguments concerning a bona fide defense.